# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDIE HICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7017** |
| **MARLIN GUSMAN - SHERIFF, ET AL.** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Freddie Hicks, a state prisoner and frequent litigant in this Court, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He named as defendants Orleans Parish Criminal Sheriff Marlin Gusman and the Orleans Parish Criminal Sheriff's Office. This civil action is the latest in a series of lawsuits he has filed regarding the conditions of his confinement within the Orleans Parish Prison system.

### Prior Lawsuits

In May of 2009, plaintiff filed Civil Action No. 09-3564 "I"(3) against Sheriff Marlin Gusman and the "Medical Administration." In that action, plaintiff claims that he is not receiving appropriate medical treatment for calluses on his feet. The action is currently set for trial on March 4, 2010.

In June of 2009, plaintiff filed Civil Action No. 09-3823 "A"(3) against Sheriff Marlin Gusman. In that action, plaintiff claims that he is a Muslim and is not being afforded an adequate opportunity to practice his religion. That action is also currently set for trial on March 4, 2010.

In August of 2009, plaintiff filed Civil Action No. 09-4617 "F"(5) against Sheriff Marlin Gusman and Sergeant B. Dennis. In the original complaint, plaintiff claims that he has not received the package of supplies normally provided to indigent inmates. He also complains that he is housed in a hot, overcrowded cell and that his grievances go unanswered. He subsequently filed an amended complaint to add the Orleans Parish Criminal Sheriff's Office as a defendant. In that amended complaint, plaintiff also claims that (1) he is not being housed in accordance with the guidelines of the Louisiana Department of Public Safety and Corrections, (2) his cell is hot, unsanitary, and in disrepair, (3) he is kept locked in his cell and is allowed to leave the tier only to shower, (4) state inmates are not segregated from parish inmates, (5) he is not allowed outside for recreation, (6) he is not given clothing, linens, and supplies, (7) he is not allowed religious materials, and (8) the prison needs to be fumigated. He later again amended his complaint, once again complaining that (1) he is locked in his cell 23.5 hours per day and is allowed out only to shower and eat, (2) he is not allowed outside for recreation, (3) his cell is overcrowded, (4) his cell is in disrepair, (5) he is not given clothing and linens, (6) food service is unsanitary, (7) his religious needs are not being accommodated, (8) he has no access to a law library or vocational programs, (9) he is not being housed in accordance with the guidelines of the Louisiana Department of Public Safety and Corrections, and (10) he has to eat where other inmates are using the bathroom. That civil action currently remains pending.

Instant Civil Action

Plaintiff has now filed the instant civil action in which he reiterates many of the same claims regarding the conditions of his confinement. In this complaint, he again claims that (1) he is locked in his cell 23 hours per day and is allowed out only to shower, (2) his cell is overcrowded, (3) he has to eat where other inmates are using the bathroom, (4) his religious needs are not being accommodated, (5) he is not being housed and afforded rehabilitative opportunities in accordance with the guidelines of the Louisiana Department of Public Safety and Corrections, (6) he is not allowed outside for recreation, and (7) he has no access to a law library or vocational programs.

Standards of Review

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant complaint, plaintiff is asserting claims that are the same as or substantially similar to those asserted in his pending lawsuits and which arise from the same series of events. Therefore, plaintiff's instant complaint should be dismissed as malicious. See Bailey, 846 F.2d at 1021; Gallegos v. Strain, Civ. Action No. 08-1393, 2008 WL 2185053, at *5 (E.D. La. May 23, 2008).[1]

---

[1] However, if it is determined that the instant complaint is not subject to dismissal as malicious, this matter should be transferred to United States District Judge Martin L.C. Feldman and Chief Magistrate Judge Alma L. Chasez pursuant to Local Rule 3.1.1, because it is clearly related to Civil Action No. 09-4617 "F"(5), which is currently pending before them.

4

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** to their prosecution in his duplicative civil actions currently pending in this Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of October, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**